```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                     ASHEVILLE DIVISION
                     1:06CV200-MU-02
```

```
DENNIS ROGER VAN DYKE,        )
      Plaintiff,              )
                              )
       v.                     )            ORDER
                              )
JUDGE THORNBURG, U.S. District)
  Judge for the Western Dis-  )
  trict of North Carolina;    )
RICK FOSTER, Private Attorney;)
SCOTT ALDRIDGE, U.S. Probation)
  Officer for the Western Dis-)
  trict of North Carolina; and)
J.R. DAVIS, Forest City Police)
  Officer,                    )
      Defendants.             )
_____)
```

**THIS MATTER** comes before the Court on initial review of the plaintiff's fourth form-Complaint under 42 U.S.C. §1983, filed June 21, 2006. For the reasons stated herein, this Complaint will be dismissed, with prejudice, for the plaintiff's failure to state a claim for relief against the instant defendants.

Indeed, according to the instant Complaint, the plaintiff claims that Judge Thornburg has engaged in a "mis[]application of [a] statute"; that the Judge somehow committed "p[erjury] in the court room"; that the Judge twice refused his request that the Judge "order an investigation upon Rutherford County officers who are drug dealers. . . "; and that the Judge "denied him a jury trial [and] a[n] appeal."

Next, the plaintiff alleges that he complained about these matters to Rick Foster, his attorney. However, the plaintiff claims that Foster merely responded to his complaint by making his own "misrepresentation[s]," and by "blackmail[ing]" the plaintiff into entering a guilty plea.

Equally nonsensical, the plaintiff alleges that U.S. Probation Officer Scott Aldridge relied upon "ficti[tious] charges that the State court dismissed" in finding that the plaintiff had violated his probation; that in 2002, Aldridge accepted a total of $2,400.00 from him in exchange for Aldridge's allowing the plaintiff to avoid routine drug tests; and that Aldridge also committed "p[erjury] in the court room."

As to Officer Davis, the plaintiff alleges that Davis and his "gangs tr[ied] to kill [him]" in December 2002; that Davis "wrote 15 different fic[titious] charges on [him]," which charges eventually were dismissed from State court; that Davis committed perjury during a federal proceeding; that Davis caused him to become "hooked . . . on meth" by having the plaintiff smoke Davis' "homemade [S]atan meth"; and that the only way he was able to keep Davis from killing him was by taking Davis to his [the plaintiff's] sister's home in Golden Valley, North Carolina.

Last, in this string of bizarre allegations is the plaintiff's claims that all of the defendants committed perjury and misapplied certain unspecified statutes. By way of relief, the

plaintiff is seeking "the sum of 4.5 million from the Courts and the defendants . . . ."

Suffice it to say, however, there are multiple reasons why the instant Complaint must be <u>dismissed</u>, not the least of which is the plaintiff's failure to state a constitutional claim for relief against these defendants.

First, the Court notes that the plaintiff has brought this §1983 action against a federal judge and a federal probation officer. However, even assuming that Judge Thornburg did not enjoy complete judicial immunity and that Probation Officer Aldridge did not enjoy qualified immunity from the instant allegations, these defendants still would not be amenable to suit under this provision. <u>See</u> <u>District of Columbia v. Carter</u>, 409 U.S. 418, 424-25 (1973) (noting that suits against federal officials may not be brought under §1983). Therefore, this action cannot proceed against these two defendants.

Similarly, it is well settled that defense attorneys, whether privately retained or publicly appointed, are <u>not</u> amenable to suit under §1983. <u>Deas v. Potts</u>, 547 F.2d 800 (4th Cir. 1976)(privately retained counsel); <u>Hall v. Quillen</u>, 631 F.2d 1154, 1156 (4th Cir. 1980) (state appointed counsel); <u>Polk v. Dodson</u>, 454 U.S. 312, 324-25 (1981) (public defender). Accordingly, the plaintiff's allegations against Mr. Foster also cannot proceed.

3

Equally critically, the plaintiff's allegations against Officer Davis are too fantastic and conclusory to warrant any further attention from this Court. Indeed, it also is well settled that this Court has not only the authority, but the responsibility to apply common sense and reject fantastic, delusional allegations for which the plaintiff has failed to offer or even suggest a factual basis. See Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); and Neitzke v. Williams, 490 U.S. 319, 328 (1989). Therefore, the plaintiff's allegations against Officer Davis must be flatly rejected.

Finally, it has not escaped the undersigned's attention that certain of the plaintiff's claims against Judge Thornburg, Probation Officer Aldridge and Rick Foster seem to implicate the validity of his conviction. Thus, to the extent that such allegations sound in habeas, the plaintiff's request for millions of dollars must be rejected based upon the principles announced in Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (requiring a successful habeas challenge before damages can be awarded for an allegedly unconstitutional conviction or term of imprisonment).

Based upon the foregoing, therefore, the instant Complaint is hereby **DISMISSED** for the plaintiff's failure to state a constitutional claim for relief. 28 U.S.C. §1915A(b)(1).

**SO ORDERED.**

Signed: June 28, 2006

Graham C. Mullen
United States District Judge